# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 03-3069

———————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of South Dakota. |
| Timothy Red Elk, | * | |
| | * | |
| Appellant. | * | |

———————

Submitted: June 17, 2005
Filed: October 14, 2005

———————

Before WOLLMAN, MORRIS SHEPPARD ARNOLD, and COLLOTON, Circuit
    Judges.

———————

WOLLMAN, Circuit Judge.

Timothy Red Elk was convicted of two counts of sexual abuse of a minor, in violation of 18 U.S.C. § 2243(a), and was sentenced to two concurrent terms of 168 months' imprisonment pursuant to the mandatory federal sentencing guidelines regime controlling at the time. On appeal, we affirmed his sentence against Fifth Amendment, Sixth Amendment, and due process attacks, rejected his factual challenge to the obstruction of justice enhancement applied by the district court, and upheld the district court's denial of his motion for a new trial. United States v. Red Elk, 368 F.3d 1047 (8th Cir. 2004). Red Elk subsequently petitioned for writ of certiorari from the United States Supreme Court.

On January 24, 2005, the Supreme Court granted Red Elk's petition, vacated our judgment, and remanded the case to us for further consideration in light of the Court's decision in United States v. Booker, 125 S. Ct. 738 (2005). See Red Elk v. United States, 125 S. Ct. 992 (2005). On reconsideration, we again affirm Red Elk's sentence.

The guideline normally applicable to Red Elk's offenses of conviction provided for a base offense level of 15. See United States Sentencing Guidelines Manual (U.S.S.G.) § 2A3.2(a)(2) (2000). The district court, however, found that the sentencing cross-reference contained in U.S.S.G. § 2A3.2(c)(1), which called for the application of U.S.S.G. § 2A3.1 in cases involving criminal sexual abuse or attempt to commit criminal sexual abuse (as defined in 18 U.S.C. § 2241 or § 2242), applied to Red Elk's case because both of his victims indicated that they were unable to consent to sexual intercourse due to intoxication, thus meeting the definition of criminal sexual abuse set forth in 18 U.S.C. § 2242(2)(B). Accordingly, the district court set Red Elk's base offense level at 27. The district court also imposed a two-level enhancement because Red Elk's victims were each between the ages of 12 and 16 at the time of the offenses. See U.S.S.G. § 2A3.1(b)(2)(B). In addition, the district court applied a two-level enhancement corresponding to Red Elk's conviction on multiple counts, see U.S.S.G. § 3D1.4, and, after finding that Red Elk had committed perjury at trial, a two-level enhancement for obstruction of justice. See U.S.S.G. § 3C1.1. The enhancements produced an offense level of 33, which, when combined with Red Elk's criminal history category (category I), resulted in a presumptive sentencing range of 135 to 168 months' imprisonment. Red Elk now reiterates his prior claim that the district court's application of the cross-reference violated his Sixth Amendment rights.

In Booker, the Supreme Court held that the guidelines violated the Sixth Amendment to the extent that they required sentencing judges to find certain facts and accordingly impose a more severe sentence than could have been imposed based upon

facts found by the jury or admitted by the defendant. 125 S. Ct. at 749; United States v. Thorn, 413 F.3d 820, 822 (8th Cir. 2005). The Court remedied this violation by rendering the sentencing guidelines "effectively advisory" in all cases then on direct review, including Red Elk's. 125 S. Ct. at 757, 769.

Red Elk correctly asserts that the district court's sentence ran afoul of Booker. The issue of consent, and therefore the applicability of the cross-reference, was never put before the jury or admitted by Red Elk, but rather was found by the district court. Furthermore, there is no dispute that, by arguing in the district court that the application of the cross-reference violated his Sixth Amendment rights, Red Elk properly preserved his Booker claim for review. United States v. Pirani, 406 F.3d 543, 549-50 (8th Cir. 2005) (en banc). Accordingly, we review for harmless error. United States v. Archuleta, 412 F.3d 1003, 1005-06 (8th Cir. 2005).

Federal Rule of Criminal Procedure 52(a) provides that any error that does not affect substantial rights is harmless and shall be disregarded. United States v. Barnett, 410 F.3d 1048, 1052 (8th Cir. 2005). To affect substantial rights, an error must have been prejudicial, i.e., it must have affected the outcome of the district court proceedings. United States v. Olano, 507 U.S. 725, 734 (1993). The burden of proving that the error in Red Elk's case was harmless falls upon the government as beneficiary of the error. United States v. Haidley, 400 F.3d 642, 644 (8th Cir. 2005). Because the error Red Elk complains of is constitutional in nature, the government must prove that the error is harmless beyond a reasonable doubt. Id. at 645.

We have held that the government does not carry its harmless error burden under the less stringent "grave doubt" standard applicable to non-constitutional errors when the district court sets the defendant's sentence at the bottom of the guidelines range and when there is no evidence in the record to suggest that the sentence would be the same under an advisory guidelines regime. United States v. Garcia, 406 F.3d 527, 529 (8th Cir. 2005); Haidley, 400 F.3d at 645. Red Elk's case, however,

presents a far different situation. When making its guidelines calculation, the district court declined to impose a number of enhancements sought by the government, stating that they were "very close" cases but that it would give Red Elk "the benefit of the doubt." Sent. Tr. at 32-34 (declining to impose upward departures for extreme psychological injury pursuant to U.S.S.G. § 5K2.3 and inadequacy of Red Elk's criminal history pursuant to U.S.S.G. § 4A1.3), 35 (declining to impose four-level enhancement for use of force pursuant to U.S.S.G. § 2A3.1(b)(1)). As to those enhancements that it did apply, however, the district court was unequivocal. The district court stated that it agreed with the proposition that Red Elk's victims were "passed out and unable to consent," thus triggering the application of the cross-reference. Id. at 30. In addition, in applying the obstruction of justice enhancement, the district court remarked that "if there was ever a case of perjury this is it."[1] Id. at 32. Finally, the district court sentenced Red Elk to the maximum term within the applicable guidelines range (168 months), which was in turn only one year less than the statutory maximum sentence for the offense of conviction. 18 U.S.C. § 2243(a) (statutory maximum sentence for violation of § 2243(a) is 15 years, or 180 months).[2]

Even after Booker, sentencing judges are required to "take account of the Guidelines together with other sentencing goals" contained in 18 U.S.C. § 3553(a). 125 S. Ct. at 764-65. The district court would thus be obligated at any resentencing to weigh an accurate guidelines calculation in its larger sentencing decision. The district court would also be entitled, under an advisory system, to determine sentences based upon judge-found facts and uncharged conduct in the exact manner it did under

---

[1]The two-level enhancement for multiple counts was, of course, compelled by the fact of Red Elk's conviction on two separate counts. Similarly, the two-level enhancement to account for the age of Red Elk's victims indisputably applied.

[2]Although the district court also noted that the guidelines system was "ridiculous" and "unbelievable," Sent. Tr. at 23, 30, we decline to give its statements of general discontent with the guidelines any consideration in our analysis. Pirani, 406 F.3d at 553 n.6 ("A court's dislike of the Guidelines in general is not relevant.").

the mandatory regime. <u>United States v. Vaughn</u>, 410 F.3d 1002, 1004 (8th Cir. 2005); <u>United States v. Hallam</u>, 407 F.3d 942, 949 (8th Cir. 2005). Furthermore, although the guidelines range applicable to Red Elk permitted it to do so, the district court declined to sentence Red Elk to a sentence below the maximum sentence in the range. Given these realities, as well as the district court's statements in applying each enhancement, there is no basis on which to conclude that Red Elk's sentence would have been different under an advisory guidelines regime. Accordingly, we hold that the government has met its burden of proving that the district court's error in reaching Red Elk's sentence was harmless beyond a reasonable doubt.

In all other respects, we reinstate our prior opinion. The judgment and sentence imposed by the district court are affirmed.

_____