# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2717

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Western District of Missouri. |
| | * | |
| Roy Eugene Waters, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted:  November 4, 2005
Filed:  November 17, 2005

_____

Before BYE, McMILLIAN, and RILEY, Circuit Judges.

_____

PER CURIAM.

A jury found Roy Eugene Waters guilty of one count of obstructing the administration of the internal revenue laws or attempting to do so, in violation of 26 U.S.C. § 7212(a), and eight counts of structuring financial transactions to evade currency reporting requirements or attempting to do so, in violation of 31 U.S.C. § 5324(a)(3).  The district court[1] sentenced him to concurrent terms of 36 months in prison and a year of supervised release on the first count, and 97 months in prison and

_____

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

3 years of supervised release on the remaining eight counts. For the reasons discussed below, we affirm Waters's convictions and sentence.

First, viewing the trial evidence in the light most favorable to the verdict, we conclude that the jury could have rationally found all of the elements of the nine charged offenses beyond a reasonable doubt. See United States v. Tensley, 334 F.3d 790, 793-94 (8th Cir. 2003) (standard of review). The evidence was sufficient to show that Waters corruptly endeavored to obstruct or impede the administration of the internal revenue laws through one or more of the acts alleged by the government. See United States v. Wilson, 118 F.3d 228, 234 (4th Cir. 1997) (elements of § 7212(a)). The evidence was also sufficient to show that Waters engaged in the eight charged acts of structuring, knowing that the banks were legally obligated to report currency transactions over $10,000, and intending to evade that reporting requirement. See United States v. MacPherson, 424 F.3d 183, 189 (2d Cir. 2005) (elements of § 5324(a)(3)).

Second, the anti-structuring laws apply to private individuals, not just bank employees. See United States v. Phipps, 81 F.3d 1056, 1058-59 (11th Cir. 1996).

Third, although the district court's application of sentencing enhancements based on judge-found facts within a mandatory Guidelines regime was erroneous in light of the Supreme Court's subsequent decision in United States v. Booker, 125 S. Ct. 738 (2005), and although Waters properly preserved an objection at sentencing, we conclude that the error is harmless beyond a reasonable doubt. Not only did the district court sentence Waters at the top of the Guidelines imprisonment range, it also responded to his objection by stating that it would impose an even longer prison sentence if it were not bound by the Guidelines. See United States v. Red Elk, 426 F.3d 948, 950-51 (8th Cir. 2005).

Finally, we have considered the remaining arguments that Waters has presented in his briefs, and we find them to be without merit.

Accordingly, we affirm the judgment of the district court.

_____