# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3322

_____

United States of America,       *
                                   *

           Appellee,       *    Appeal from the United States
                                *    District Court for the District
   v.                       *    of Minnesota.
                                *

David Anthony Petri,       *       [UNPUBLISHED]
                                *

           Appellant.     *

_____

Submitted: November 14, 2005
Filed: November 22, 2005

_____

Before WOLLMAN, FAGG, and MELLOY, Circuit Judges.

_____

PER CURIAM.

David Anthony Petri pleaded guilty to eighteen counts of mail fraud and bank fraud. Petri later moved to withdraw his guilty plea based on the Supreme Court's post-plea decision in <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004). Petri disagreed with the loss amount found in the presentence report and argued during the sentencing hearing that he had a right to have that amount found by a jury. The district court[*] found the applicable Guidelines range was below the statutory maximum sentence that could be imposed based on Petri's admissions at the change-of-plea hearing and thus

_____

[*]The Honorable Michael J. Davis, United States District Court for the District of Minnesota.

the court concluded <u>Blakely</u> had no impact on Petri's case.  The court denied Petri's motion, treated the Guidelines as mandatory, and sentenced Petri at the top of the Guidelines range to seventy-eight months in prison.

Petri appeals arguing the mandatory application of the Guidelines violated <u>United States v. Booker</u>, 125 S. Ct. 738 (2005).  In <u>Booker</u>, the Court held the Guidelines violated the Sixth Amendment in requiring sentencing courts to find certain facts and thus impose a more severe sentence than could have been imposed based on facts found by a jury or admitted by the defendant.  <u>See</u> <u>United States v. Red Elk</u>, No. 03-3069, 2005 WL 2585708, at *1 (8th Cir. Oct. 14, 2005).  As a remedy, the Court concluded the Guidelines are advisory rather than mandatory.  <u>Id.</u>  In this case, there was no Sixth Amendment violation because Petri's sentence enhancements were based on his own admissions.  The only error was the district court's treatment of the guidelines as a mandatory sentencing scheme rather than advisory.

Because Petri raised <u>Blakely</u> at sentencing, we review the error for harmlessness.  <u>United States v. Pirani</u>, 406 F.3d 543, 549 (8th Cir. 2005) (en banc).  To prove a nonconstitutional error is harmless, the government has the burden to show there is no "grave doubt" about whether the error substantially influenced the outcome of the sentencing proceedings.  <u>United States v. Haidley</u>, 400 F.3d 642, 644-45 (8th Cir. 2005); <u>see</u> <u>Red Elk</u>, 2005 WL 2585708, at * 2.  Since the district court sentenced Petri at the top of the sentencing range despite defense counsel's arguments for a lower sentence, the government can meet its burden in this case.  <u>See</u> <u>Red Elk</u>, 2005 WL 2585708, at *2-3.  Further, Petri's sentence is reasonable under the factors set out in 18 U.S.C. § 3553(a).  <u>See</u> <u>Booker</u>, 125 S. Ct. at 765-66.

Accordingly, we affirm Petri's sentence.

_____