United States Court of Appeals
Fifth Circuit

**F I L E D**

February 15, 2007

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-20555
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JESUS LORENZO AYALA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No.4:02-CR-36-3
--------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

Jesus Lorenzo Ayala appeals the sentence imposed following his resentencing for his guilty plea conviction of aiding and abetting in the possession with intent to distribute more than 100 kilograms of marijuana and conspiracy to possess with intent to distribute more than 100 kilograms of marijuana. Ayala was sentenced to a term of imprisonment of 108 months on each count, to be served concurrently and to be followed by a five-year term of supervised release.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Ayala argues that the district court's finding of relevant conduct by a mere preponderance of the evidence was a violation of his rights under the Sixth Amendment and the Due Process Clause of the Fifth Amendment.[1]  This court has determined that the district court can make all factual findings relevant to a post-<u>Booker</u>[2] guidelines sentence based on a preponderance of the evidence. <u>United States v. Mares</u>, 402 F.3d 511, 519 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 43 (2005).  Although <u>Mares</u> spoke only in terms of the Sixth Amendment, it implicitly rejected Ayala's Fifth Amendment claim as well.  And our sister circuits having addressed that claim have rejected it.  <u>See</u> <u>United States v. Malouf</u>, 466 F.3d 21, 27 (1st Cir. 2006); <u>United States v. Garcia-Gonon</u>, 433 F.3d 587, 593 (8th Cir. 2006); <u>United States v. Vaugh</u>, 430 F.3d 518, 525 (2d Cir. 2005).  The district court did not err in employing the preponderance of the evidence standard.

Ayala further argues that, even under the preponderance of the evidence standard, the proof of drug quantity was insufficient because Blevins could not testify as to the amount of marijuana transported.

Post-<u>Booker</u>, this court continues to review the district court's interpretation and application of the Guidelines de novo and its factual findings for clear error.  <u>United States v.</u>

---

[1] Generously construed, his first appeal to this court raised this issue, preserving it for consideration here. <u>See</u> <u>United States v. Marmolejo</u>, 139 F.3d 528, 531 (5th Cir. 1998).

[2] <u>United States v. Booker</u>, 543 U.S. 220 (2005).

Villanueva, 408 F.3d 193, 203 & n.9 (5th Cir.), cert. denied, 126 S. Ct. 268 (2005). In the context of determining drug quantity for sentencing purposes, a district court may consider estimates if they are reasonable and based on reliable evidence. United States v. Betancourt, 422 F.3d 240, 246 (5th Cir. 2005). The district court used the extrapolation method in inferring that Ayala transported the same amount of drugs on each trip he made. If this method is employed, there must be "sufficient reliable evidence that the multiplier used by the district court . . . is representative of the [amount of drugs involved] . . . on each trip." United States v. Cabrera, 288 F.3d 163, 170-73 (5th Cir. 2002).

There was sufficient reliable evidence from Blevins's testimony and information about the truck for the district court to find that Ayala transported and unloaded at least 384 kilograms of marijuana on at least eight occasions in addition to transporting the 384.7 kilogram load that resulted in his arrest. Thus, the district court did not clearly err in holding Ayala responsible for 3,461.9 kilograms of marijuana.

Ayala argues that the district court erred in not decreasing his offense level based on his being a minor participant in the offense. In his initial objections to the PSR, Ayala argued that he should receive a two-level reduction of his offense level based on his minor role in the offense, and the district court overruled

his objections.  Ayala did not appeal that ruling in the initial appeal.

Upon remand for resentencing, "[a]ll other issues not arising out of this court's ruling and not raised before the appeals court, which could have been brought in the original appeal, are not proper for reconsideration by the district court below."  United States v. Marmolejo, 139 F.3d 528, 531 (5th Cir. 1998).  The only exceptions to this rule are: "(1) The evidence at a subsequent trial is substantially different; (2) there has been an intervening change of law by a controlling authority; and (3) the earlier decision is clearly erroneous and would work a manifest injustice."  United States v. Matthews, 312 F.3d 652, 657 (5th Cir. 2002).

Ayala failed to raise this argument in his initial appeal, and he has not shown that his argument falls within any exception to the limited remand rule.  This argument is not subject to review. Id.

AFFIRMED.