# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3240

_____

United States of America,        \*
                                   \*

          Appellee,        \*

                                   \*    Appeal from the United States

    v.                           \*    District Court for the

                                   \*    Eastern District of Missouri.

Currie Moore,             \*

                                   \*    [UNPUBLISHED]

          Appellant.     \*

_____

Submitted: August 22, 2008
Filed: August 29, 2008 (corrected September 4, 2008)

_____

Before MELLOY, COLLOTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Currie Moore challenges the sentence the district court[1] imposed after he pleaded guilty to unlawful possession of a firearm as a previously convicted felon, in violation of 18 U.S.C. § 922(g)(1). At sentencing, the district court found that Moore possessed the firearm in connection with another felony offense. Accordingly, the court applied a 4-level specific offense characteristic under USSG § 2K2.1(b)(6), and imposed a statutory maximum sentence of 120 months' imprisonment, which is within the advisory guideline range. Moore appealed, arguing that his Sixth Amendment

_____

[1]The Honorable Carol E. Jackson, Chief Judge, United States District Court for the Eastern District of Missouri.

right to a jury trial was violated when the district court found, by a preponderance of evidence, certain facts supporting the specific offense characteristic, especially because this court may now apply an appellate presumption of reasonableness to a sentence within the advisory guideline range.

We review the issues raised by Moore for plain error, as he did not raise them in the district court. See United States v. Pirani, 406 F.3d 543, 549 (8th Cir. 2005) (en banc). We conclude that the district court did not err in deciding the facts relevant to sentencing or in applying a preponderance-of-the-evidence standard. See Apprendi v. New Jersey, 530 U.S. 466, 490 (2000) (other than prior conviction, any fact that increases penalty for crime beyond statutory maximum must be submitted to jury and proved beyond reasonable doubt); United States v. Garcia-Gonon, 433 F.3d 587, 593 (8th Cir. 2006) (under advisory Guidelines regime, sentencing judges are only required to find sentence-enhancing facts by preponderance of evidence). Furthermore, Moore's apparent challenge to the appellate presumption of reasonableness for sentences within the advisory range is foreclosed by Rita v. United States, 127 S. Ct. 2456, 2462-68 (2007).

Accordingly, we affirm. See 8th Cir. R. 47B.

_____