# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3359

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| William S. Price, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: April 15, 2009
Filed: April 23, 2009

_____

Before RILEY, BENTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

On March 22, 2007, William S. Price (Price) pled guilty to a two count information charging Price with (1) the use of a minor to engage in sexually explicit conduct for the purpose of producing child pornography in violation of 18 U.S.C. § 2251(a), and (2) receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2). The district court[1] sentenced Price to 600 months imprisonment, followed by lifetime supervised release, and restitution in the amount of $271,675. Price appeals his sentence. We affirm.

_____

[1]The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri.

## I.    BACKGROUND

On June 12, 2006, Price's wife took their home computer to a local computer technician.  The technician located video files in the computer which contained the name of Price's minor step-daughter, and the technician showed Price's wife the content of those files.  The video files depicted Price's fifteen-year old step-daughter, drugged and unconscious, being sexually assaulted by Price.  The local police were contacted.

The police obtained search warrants for Price's home and for Price's place of employment at the Missouri State Veterans' Home, where Price worked as a nurse supervisor.  During the searches, police seized computers, controlled medications, needles, syringes, condoms, lubricants, contraceptives, a camera, and a camera tripod. The medications included narcotics, sedatives, muscle relaxants, anti-nausea medication, Viagra, anesthesia, and drugs designed to reverse the sedative effects of anesthesia.

The Federal Bureau of Investigation (FBI) obtained a search warrant to view the content of the computers seized by the police.  On one computer, the FBI located eight videos and several still images of Price sexually assaulting his unconscious step-daughter.  The FBI also uncovered a file sharing program, entitled Kazaa Lite, which enables users to share files and to transfer files from computer to computer, bypassing a server.  During Price's sentencing hearing, FBI Special Agent Kurt Lipanovich (Agent Lipanovich) testified Price made over 3,165 videos and other images of pornography available for sharing on Kazaa Lite.  Price obtained most of these images through Kazaa Lite.  Agent Lipanovich could not clarify exactly how many of these images included child pornography because some of the images were duplicates, some involved adult females, and some of the images may have been created with the use of different computer programs, such as Photoshop.

On March 22, 2007, Price pled guilty, pursuant to a plea agreement, to (1) using a minor to engage in sexually explicit conduct for the purpose of producing child pornography, and (2) receipt of child pornography. Under the terms of the plea agreement, Price waived his right to a jury determination beyond a reasonable doubt of all facts used to determine and enhance his sentence. Price also consented to judicial fact-finding by a preponderance of the evidence as to all contested sentencing issues.

The district court sentenced Price on October 8, 2008. During the sentencing hearing, evidence was presented on several different issues related to Price's sentence and potential enhancements under the advisory United States Sentencing Guidelines (Guidelines or U.S.S.G.). Based upon the evidence presented, the district court found (1) Price's actions were sadistic, resulting in a four level increase to Price's Guidelines range under U.S.S.G. § 2G2.2(b)(4); (2) Price obstructed justice by destroying evidence, resulting in a two level increase under U.S.S.G. § 3C1.1; (3) Price distributed child pornography in expectation of receiving a thing of value, resulting in a five level increase under U.S.S.G. § 2G2.2(b)(3)(B); (4) Price engaged in a pattern of activity involving the sexual abuse or exploitation of a minor, resulting in a five level increase under U.S.S.G. § 2G2.2(b)(5); and (5) Price possessed more than 600 images of child pornography on his computer, resulting in a five level increase under U.S.S.G. § 2G2.2(b)(7)(D). After applying these enhancements, the district court sentenced Price to 360 months imprisonment on Count 1 and a consecutive 240 months on Count 2. Price now appeals his sentence claiming the district court violated Price's Sixth Amendment right to a jury trial by enhancing Price's sentence based solely upon judge-found facts.

## II.   DISCUSSION

Price claims it is violative of the Sixth Amendment to increase a sentence based upon facts that are neither admitted by a defendant nor proven to a jury beyond a reasonable doubt. "We review claims of constitutional error de novo." United States

v. Gentry, 555 F.3d 659, 662 (8th Cir. 2009) (citations omitted). Price's contention is without merit.

"Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi v. New Jersey, 530 U.S. 466, 490 (2000). However, "judicial factfinding is permissible at sentencing so long as the district court understands that the sentencing guidelines are advisory only." United States v. Brave Thunder, 445 F.3d 1062, 1065 (8th Cir. 2006) (citation omitted); see also Rita v. United States, 551 U.S. 338, ___, 127 S. Ct. 2456, 2465-66 (2007) (stating the Sixth Amendment does not forbid a sentencing court from taking account "of factual matters not determined by a jury" (citations omitted)). "Under an advisory Guidelines regime, sentencing judges are only required to find sentence-enhancing facts by a preponderance of the evidence." United States v. Garcia-Gonon, 433 F.3d 587, 593 (8th Cir. 2006) (citation omitted).

Because the district court applied the Guidelines as advisory, and because there were sufficient facts in the record to support the district court's findings by a preponderance of the evidence, the district court did not err in enhancing Price's sentence based upon those findings. Additionally, in the plea agreement, Price "consent[ed] to judicial fact-finding by a preponderance of the evidence of any contested issues pertaining to the determination of [Price's] sentence," and "waive[d] any right to a jury determination beyond a reasonable doubt of all facts used to determine and enhance the sentence imposed."

## III.   CONCLUSION
We affirm Price's sentence and the judgment of the district court.

_____

-4-