# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2959

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Larry Jean Bridges, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: April 15, 2009
Filed:  June 22, 2009

_____

Before RILEY, BENTON, and SHEPHERD, Circuit Judges.

_____

RILEY, Circuit Judge.

A jury convicted Larry Jean Bridges (Bridges) of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1).  The district court[1] sentenced Bridges to 48 months imprisonment and two years of supervised release. Bridges appeals his sentence, arguing the district court erred by (1) applying a United States Sentencing Guidelines (Guidelines) enhancement for possession of a firearm in connection with another felony which was not charged in the indictment or found beyond a reasonable doubt by the jury, and (2) giving too much weight to one 18

---

[1]The Honorable Catherine D. Perry, United States District Judge for the Eastern District of Missouri.

U.S.C. § 3553(a) sentencing factor and not enough weight to another, resulting in an unreasonable sentence. We affirm.

## I.    BACKGROUND

On September 2, 2007, Bridges's son, Larry Bridges, Jr. (Larry Jr.), got into an argument with Montez Baker (Baker). The argument began at Bridges's sister's residence in Cape Girardeau, Missouri. The police responded and ordered everyone who did not live at the residence to leave. Bridges arrived in a van, and Bridges told Baker, "don't put [your] hands on [Larry Jr.] no more." Larry Jr. then jumped into Bridges's van and they left the residence together.

After leaving the residence, while driving the van, Bridges had a gun on his lap. Bridges handed Larry Jr. a stun gun. Larry Jr. testified Bridges was acting angry. Bridges saw Baker parked at a gas station near Baker's house. Bridges pulled into the gas station, got out of the van and walked up to Baker's car window, with Bridges holding the gun in front of him. Larry Jr. said he was familiar with the gun Bridges displayed to Baker, having seen the gun approximately a dozen times. Larry Jr. reported, "[Bridges] told [Baker], don't ever put [your] hands on [Larry Jr.] again, and that's when [Baker] got scared and got on the phone and called the police." During the 911 call, Baker described the van Bridges was driving, including its color and license number. Larry Jr. refused to leave the gas station with Bridges. Bridges got in the van and left the gas station alone.

The 911 dispatcher alerted officers to look for a maroon van coming from the gas station on South Sprigg. Minutes later, officers observed the van and pulled it over. Officers searched the van and found (1) a Hi Point, .9 mm semi-automatic pistol, containing a magazine with seven live rounds; (2) a live .9 mm round sitting on the driver's seat; (3) a second magazine with eight live rounds; and (4) a stun gun. Communications with the Cape Girardeau Police Department revealed Bridges was a

previously convicted felon. Officers arrested Bridges and transported him to the station.

On May 14, 2008, a jury found Bridges guilty of being a felon in possession of a firearm and ammunition. The United States Probation Office prepared a pre-sentence investigation report, calculating Bridges's base offense level at 20. Four offense levels were added under U.S.S.G. § 2K2.1(b)(6) for possessing the firearm "in connection with another felony offense, as the defendant flourished the firearm during a confrontation." The "confrontation" referred to the incident where Bridges displayed the gun to Baker and told Baker not to lay his hands on Larry Jr. These calculations resulted in a total offense level of 24, a criminal history category of II, and an advisory Guidelines range of 57 to 71 months.

Before sentencing, Bridges objected to the enhancement for possession of the firearm in connection with another felony, and requested a sentence below the Guidelines range, urging the court to consider what Bridges's Guidelines range would have been if he had been given credit for acceptance of responsibility. At sentencing, Bridges argued he should receive a sentence below the Guidelines, in part because of his significant health problems. After reviewing the factors set forth in 18 U.S.C. § 3553(a), the district court imposed a sentence of 48 months imprisonment, nine months below the low end of Bridges's Guidelines range. This appeal followed.

## II. DISCUSSION

### A. Possessing a Firearm in Connection with Another Felony Offense

Bridges argues the district court erred by applying a Guidelines enhancement under U.S.S.G. § 2K2.1(b)(6) for possessing a firearm "in connection with another felony offense." Bridges contends the enhancement violates his Fifth and Sixth Amendment rights because the alleged conduct—exhibiting a firearm during a confrontation—was not charged in the indictment or found beyond a reasonable doubt by the jury. This argument fails.

It is well established, after <u>United States v. Booker</u>, 543 U.S. 220 (2005), that "judicial factfinding is permissible at sentencing so long as the district court understands that the sentencing guidelines are advisory only." <u>United States v. Brave Thunder</u>, 445 F.3d 1062, 1065 (8th Cir. 2006).  Our review is de novo on the district court's interpretation and application of the Guidelines.  <u>Id.</u>  Under an advisory sentencing regime, "the district court is entitled to determine sentences based upon judge-found facts and uncharged conduct" where the defendant is "not sentenced in excess of the statutory maximum."  <u>United States v. Garcia-Gonon</u>, 433 F.3d 587, 593 (8th Cir. 2006) (citing <u>United States v. Red Elk</u>, 426 F.3d 948, 951 (8th Cir. 2005); <u>see also</u> <u>United States v. Okai</u>, 454 F.3d 848, 851 (8th Cir. 2006) (explaining, "after <u>Booker</u>, facts underlying sentencing enhancements that are not used to increase the defendant's sentence above the congressionally authorized maximum need not be alleged in the indictment to pass constitutional muster"). "[S]entencing judges are only required to find sentence-enhancing facts by a preponderance of the evidence." <u>Garcia-Gonon</u>, 433 F.3d at 593 (citing <u>United States v. Pirani</u>, 406 F.3d 543, 551 n.4 (8th Cir. 2005) (en banc)).  The district court understood the Guidelines were advisory and did not sentence Bridges above the statutory maximum.  We therefore conclude the district court did not err by engaging in judicial factfinding and applying a preponderance of the evidence standard to determine whether a four-level enhancement for possessing a firearm "in connection with another felony offense" was warranted in Bridges's case.

Alternatively, Bridges contends the government failed to prove a preponderance of the evidence supported the four-level enhancement.  Bridges asserts the preponderance of the evidence standard was not met because there was conflicting testimony regarding whether Bridges displayed a firearm to Baker.  One defense witness, Terrisha Lee (Lee), contradicted Larry Jr.'s testimony.  Lee testified Bridges did not threaten Baker with a gun, and Baker had already called 911 before Bridges arrived at the gas station.

"We review the district court's . . . factual findings for clear error." Brave Thunder, 445 F.3d at 1065 (citing United States v. Jourdain, 433 F.3d 652, 658 (8th Cir. 2006)). A district court's findings with respect to witness credibility are "almost never clear error given [the district] court's comparative advantage at evaluating credibility." United States v. Allmon, 500 F.3d 800, 806 (8th Cir. 2007) (quoting United States v. Plancarte-Vazquez, 450 F.3d 848, 852 (8th Cir. 2006)). Thus, "[a] district court's credibility determinations are virtually unreviewable on appeal." United States v. Wunder, 414 F.3d 1019, 1022 (8th Cir. 2005) (citing United States v. Martin, 28 F.3d 742, 745-46 (8th Cir. 1994)). We see no basis to conclude the district court clearly erred by finding Larry Jr.'s testimony credible and Lee's testimony incredible.

The district court also did not err by determining the government met its burden of showing a preponderance of the evidence supported the four-level enhancement. Under Missouri law, a person commits the crime of "Unlawful Use of Weapons," a Class D Felony, when a person "knowingly . . . Exhibits, in the presence of one or more persons, any weapon readily capable of lethal use in an angry or threatening manner[.]" Mo. Rev. Stat. § 571.030. At trial, Larry Jr. testified Bridges was acting angry, and after Bridges found Baker at the gas station, Bridges exhibited a firearm while telling Baker, "don't ever put [your] hands on [Larry Jr.] again." Baker then called 911, Bridges left the scene, and minutes later Bridges was located by police with a loaded .9 mm semi-automatic pistol in his van. Exhibiting a firearm in these circumstances constitutes a violation of Mo. Rev. Stat. §§ 571.030.1(4) and 571.030.7, and is therefore sufficient for application of the four-level enhancement. See Missouri v. Johnson, 964 S.W.2d 465, 469 (Mo. Ct. App. 1998) (in an unlawful use of weapons case, defining "exhibit" as "to present to view: show, display").

## B. Bridges's Sentence

Bridges contends the district court "gave improper weight to one of the relevant [18 U.S.C. § 3553(a)] factors," not enough weight to another factor, and made a clear

error in sentencing.  Bridges protests the district court did not give a sufficient downward variance based on Bridges's multiple health issues.  Bridges also complains the district court gave too much weight to Larry Jr.'s testimony regarding Bridges exhibiting a gun to Baker during the incident at the gas station, and improperly determined the nature and circumstances of the offense presented a strong potential for violence.  These arguments are without merit.

In reviewing a sentence, this court "must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, . . . failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence."  Gall v. United States, 552 U.S. 38, 128 S. Ct. 586, 597 (2007).  If the sentence is procedurally sound, we "then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard."  Id.  Because "[t]he sentencing judge is in a superior position" to make factual findings and credibility determinations, "[t]he fact that [we] might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court."  Id.

Gall sets forth the procedure the district court should follow when sentencing a criminal defendant.  After correctly calculating the Guidelines range and "giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party."  Id. at 596.  The district court "must make an individualized assessment based on the facts presented, . . . [and] must adequately explain the chosen sentence to allow for meaningful appellate review."  Id. at 597.  "In explaining the chosen sentence and analyzing the relevant § 3553(a) factors, 'a district court is not required to provide a "full opinion in every case," but must "set forth enough to satisfy the appellate court that he has considered the parties'" arguments and has a reasoned basis for exercising his own legal decisionmaking authority.'"  United States v. Hill, 552 F.3d 686, 691 (8th Cir. 2009) (quoting United

States v. Robinson, 516 F.3d 716, 718 (8th Cir. 2008) (in turn quoting Rita v. United States, 551 U.S. 338, 127 S. Ct. 2456, 2468 (2007))).

The district court correctly calculated Bridges's Guidelines range and did not base the sentencing decision on clearly erroneous facts. At sentencing, the district court expressly considered each of the relevant § 3553(a) factors and explained how each factor weighed in favor of or against Bridges. Addressing Bridges's "history and characteristics," see 18 U.S.C. § 3553(a)(1), the district court specifically mentioned Bridges's "additional physical problems, and substance abuse problems." The fact the district court did not give this factor as much "weight" as Bridges would have preferred does not justify reversal; nor does the district court's allegedly giving "too much weight" to Bridges exhibiting a gun to Baker at the gas station, with that incident's potential for violence, justify reversal. The district court has wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence. See Gall, 128 S. Ct. at 597. The district court's Guidelines calculation, ample explanation for the sentence imposed, and express consideration of the § 3553(a) factors in no way constitutes significant procedural error. Further, "giv[ing] due deference to the district court's decision that the § 3553(a) factors, on the whole," justify Bridges's sentence, Gall, 128 S. Ct. at 597, our review of Bridges's sentence reveals no abuse of the district court's considerable discretion and no basis for concluding Bridges's below-Guidelines sentence is substantively unreasonable.

## III. CONCLUSION
We affirm Bridges's sentence and the judgment of the district court.

_____

-7-