# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-2004

_____

United States of America,       *
                                       *

          Appellee,        *

                                      *   Appeal from the United States
    v.                              *   District Court for the
                                      *   Northern District of Iowa.

Jorge Luis Galeas-Pineda, also   *
known as Lenin Castaneda,     *   [UNPUBLISHED]
                                      *

          Appellant.      *

_____

Submitted: January 9, 2012
Filed: January 23, 2012

_____

Before MURPHY, BYE, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Jorge Luis Galeas-Pineda pleaded guilty to knowingly using fraudulent identity documents in violation of 18 U.S.C. § 1546(a). The district court[1] sentenced him to seventy-two months of imprisonment. Galeas-Pineda appeals his sentence contending the district court committed procedural error by departing upward from the advisory Guidelines range. He also contends he received a substantively unreasonable sentence. We affirm.

_____

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

Galeas-Pineda's advisory Guidelines range was calculated at 0-6 months, based upon a final offense level of eight and a criminal history category of I. Galeas-Pineda had one criminal history point for a marijuana possession charge. He had also been charged, convicted and fined for nine driving offenses which did not result in criminal history points. Most of the driving offenses were for driving without a license or without insurance; Galeas-Pineda had used an alias for some of the driving offenses. In addition, Galeas-Pineda had two charges for driving without a license pending against him at the time of sentencing.

Most significantly, Galeas-Pineda was the focus of an investigation by Immigrations and Customs Enforcement (ICE) stemming from an extended sexual relationship with a minor female. An ICE agent testified at sentencing about uncharged conduct which would support a number of charges against Galeas-Pineda, including numerous counts for sexual abuse of a child, production of child pornography, possession of marijuana, and contributing to the delinquency of a minor by providing marijuana and alcohol to the minor child. In addition, Galeas-Pineda had repeated violations of a no contact order preventing him from contacting the minor child. He attempted to conceal the evidence of his illegal acts by asking the minor to destroy documents and hide electronic devices containing sexually explicit photographs. He asked the minor child to falsely accuse another person of a sex crime when he suspected the person was "ratting" on him. He tried to thwart the sexual abuse investigation by planning for the minor child to move to Honduras, and stated he would re-enter the United States after being deported, boasting that law enforcement would not be able to catch him because of his familiarity with the border.

Based upon this evidence (as well as additional evidence not recounted here), the government moved for an upward departure under United States Sentencing Guidelines Manual (U.S.S.G.) § 4A1.3 and U.S.S.G. § 5K2.0. The district court granted the motion after finding the government established the uncharged conduct by a preponderance of the evidence. The district court determined Galeas-Pineda's

criminal history was underrepresented and there were aggravating circumstances of a kind or a degree not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines. The district court stated there were "many, many factors for a departure upward," stressing Galeas-Pineda's "total and complete disregard for authority and for the law." The district court specifically found the defendant's intent to re-enter the United States within a short time after removal "sets this case apart from run-of-the-mill possession of fraudulent identity documents" cases.

The district court departed upward to an offense level of nineteen and a criminal history category of VI, which corresponds with a sentencing range of 63-78 months. In the alternative, the district court varied upward from the original advisory Guidelines range based upon the history and characteristics of the defendant, the seriousness of uncharged conduct not included in the criminal history score, the need for the sentence to be a deterrence and promote respect for the law, and the safety of children in the community. The district court then imposed a sentence of seventy-two months.

Galeas-Pineda contends the district court committed procedural error by neglecting to state why it departed from criminal history category I to category VI. In particular, Galeas-Pineda claims he would have only received three additional criminal history points for his uncharged conduct (and at the most seven), moving his criminal history category from I to IV. Without necessarily agreeing with Galeas-Pineda's predictions concerning the number of additional points his uncharged conduct would have triggered, we nevertheless reject his claim of procedural error because the district court was not required "to assign hypothetical criminal history points to the conduct that did not result in convictions, and then determine what the appropriate criminal history category would be," nor was the district court "required to engage in a ritualistic exercise in which the sentencing court mechanically discusses each criminal history category it rejects en route to the category it selects[.]" United States

v. Azure, 536 F.3d 922, 932 (8th Cir. 2008) (internal quotation marks and citation omitted).  Our review of the record indicates the district court provided "sufficient indicia of why the intermediary categories [were] inappropriate" in departing "from the lowest to the highest criminal history category" in this situation.  Id.

Even if we accepted the defendant's argument regarding procedural error, we would conclude the error was harmless and still affirm "based on the district court's alternative decision to impose an upward variance based on the § 3553(a) factors." United States v. Johnson, 572 F.3d 449, 455 (8th Cir. 2009).  The district court thoroughly discussed the § 3553(a) factors in supporting its alternate variance, and the variance is supported by the record in this case.

Finally, we reject Galeas-Pineda's claim regarding the substantive unreasonableness of his sentence, recognizing the "district court has wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence."  United States v. Bridges, 569 F.3d 374, 379 (8th Cir. 2009); see also United States v. Feemster, 572 F.3d 455, 464 (8th Cir. 2009) ("[I]t will be the unusual case when we reverse a district court sentence – whether within, above, or below the applicable Guidelines range – as substantively unreasonable.") (quotation marks and citation omitted).

We affirm.

_____