# United States Court of Appeals
### For the Eighth Circuit

_____

No. 12-1885
_____

United States of America

*Plaintiff - Appellee*

v.

Tecoy Marquis Jones

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - El Dorado

_____

Submitted: November 12, 2012
Filed: November 29, 2012
[Unpublished]

_____

SMITH, BOWMAN, and BEAM, Circuit Judges.

_____

PER CURIAM.

Tecoy Marquis Jones appeals from the sentence imposed by the District Court[1] after a jury found Jones guilty of unlawful possession of a firearm as a previously convicted felon. We affirm.

On the night of February 19, 2010, Camden, Arkansas, police officers responded to a call of "shots fired." Upon arriving at the scene, they found an injured James Thrower, who indicated that he had been robbed at gunpoint. Officers apprehended Jones about a quarter of a mile from the scene as he attempted to flee on foot. When Jones was searched, officers found $1000 on his person but no firearm. Likewise, a quick search of the area with flashlights revealed no firearm. When questioned at the police station, Jones eventually admitted that he had fought with Thrower and that Jones had robbed Thrower of $1000 after they fought. A gunshot-residue test performed that night on Jones's right hand later returned positive results. A jailer at the facility where Jones was detained overheard Jones on the telephone tell someone "that he needed them to go across the road from the house and out in the woods underneath some leaves by some bushes to retrieve an item for him." Tr. at 45. The jailer alerted police. The next morning, officers returned to the area and found a loaded semi-automatic handgun about twenty feet from the spot where Jones was taken into custody. At Jones's federal trial on the charge of being a felon in possession of a firearm, the government read into the record a portion of a state-court plea-hearing transcript wherein Jones admitted that he possessed the firearm in question on February 19, 2010, tucked into the waistband of his pants, knowing that he was a felon who did not have and could not get a license to carry a gun.

After the jury convicted Jones on the felon-in-possession charge, the United States Probation Office prepared a Presentence Investigation Report (PSR). In the PSR, the probation officer recommended a four-level increase under U. S. Sentencing

---

[1]The Honorable Harry F. Barnes, United States District Judge for the Western District of Arkansas.

Guidelines § 2K2.1(b)(6) because Jones possessed or used the firearm in connection with another felony offense, namely, the armed robbery of Thrower. As noted in the PSR, when Jones admitted in state court that he possessed the firearm on the night of the robbery, he was pleading guilty to a state-law charge of delivery of a controlled substance. In exchange for Jones's guilty plea to the drug charge, the state agreed to drop charges of aggravated robbery and aggravated assault related to Jones's February 19 altercation with Thrower.

Jones objected to the recommended increase and to the paragraph in the PSR that set out the factual basis for the recommendation. At the sentencing hearing, Jones told the court that he never admitted to armed robbery and pointed out that Thrower never testified. The court overruled the objections and applied a four-level increase to Jones's base-offense level, resulting in an advisory Guidelines sentencing range of 130 to 162 months, which Jones says would have been 92 to 115 months without the objected-to increase. The District Court sentenced Jones to the statutory maximum of 120 months, and Jones appeals. We review for clear error the District Court's factual finding that Jones possessed the firearm in connection with another felony offense for purposes of applying Guidelines § 2K2.1(b)(6). See United States v. Mosley, 672 F.3d 586, 589 (8th Cir. 2012) (standard of review).

On appeal, Jones argues that the evidence was insufficient to support the court's § 2K2.1(b)(6) finding and that the court therefore clearly erred in applying the four-level enhancement. He claims that while "he may have admitted to possessing a firearm on February 19, 2010 *and* he may have admitted to robbing James Thrower, . . . there is just no evidence that he *used or possessed the firearm in connection with the robbery*." Brief of Appellant at 15. We disagree with Jones's assertion that there is "no" evidence that he possessed the firearm in connection with the armed robbery of Thrower. Indeed, we conclude, based on the record evidence recounted above, that a preponderance of the evidence supports the finding that Jones at the very least possessed (and likely also used) the firearm when robbing Thrower.

See <u>United States v. Bridges</u>, 569 F.3d 374, 377 (8th Cir. 2009) (noting that a sentencing court properly applies "a preponderance of the evidence standard to determine whether a four-level enhancement for possessing a firearm 'in connection with another felony offense'" is warranted). It is not necessary that a defendant admit facts in order for them to be found by a sentencing court. <u>See</u> <u>United States v. Lee</u>, 625 F.3d 1030, 1035 (8th Cir. 2010) (concluding that the district court did not err when it applied a sentencing enhancement based on conduct that the defendant did not admit but that the court found by a preponderance of the evidence), <u>cert. denied</u>, 132 S. Ct. 124 (2011). Nor is it required that a defendant be charged with or convicted of the other felony offense for § 2K2.1(b)(6) to apply. U.S. Sentencing Guidelines Manual § 2K2.1 cmt. n.14(C). The District Court did not clearly err in finding that Jones possessed the firearm in connection with another felony offense.

We affirm Jones's sentence.

_____