# United States Court of Appeals
### For the Eighth Circuit

_____

No. 13-1440
_____

United States of America

*Plaintiff - Appellee*

v.

Dale Gatewood

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: September 23, 2013
Filed: October 1, 2013
[Unpublished]

_____

Before WOLLMAN, BEAM, and SMITH, Circuit Judges.

_____

PER CURIAM.

Dale Gatewood appeals his within-Guidelines-range, 24-month sentence imposed by the district court[1] after Gatewood violated the conditions of his supervised release.  We affirm.

During his supervised released, Gatewood pled guilty to burglary in the first degree in state court and was sentenced to five years' imprisonment, in violation of the conditions of his supervised release.  At his revocation hearing, Gatewood admitted his violation, and the district court, recognizing the 21-24 months' imprisonment Guidelines range, sentenced him to 24 months' imprisonment to run consecutively to Gatewood's undischarged state sentence.  Gatewood asserts that the district court imposed a substantively unreasonable sentence because the court failed to consider his longstanding addiction to heroin and, when the court decided to impose a sentence to run consecutive to his state sentence, it failed to consider the length of the state sentence.

We review the substantive reasonableness for an abuse of discretion.  United States v. Deegan, 605 F.3d 625, 629 (8th Cir. 2010).  Having reviewed the record and the parties' briefs, we conclude the district court properly considered the 18 U.S.C. § 3553(a) factors, including Gatewood's heroin addiction.  United States v. Bridges, 569 F.3d 374, 379 (8th Cir. 2009) (recognizing that "[t]he district court has wide latitude to weigh the § 3553(a) factors . . . and assign some factors greater weight than others in determining an appropriate sentence.").  Contrary to Gatewood's second argument, the district court did note Gatewood's undischarged five-year state sentence, but determined that due to the nature of Gatewood's violation of his supervised release, the sentence should run consecutively to the state sentence.  See United States v. McDonald, 521 F.3d 975, 980 (8th Cir. 2008) (we review the determination to impose a consecutive sentence for reasonableness and the district court has "wide discretion"

---

[1]The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri.

to order a sentence be served consecutively to an undischarged sentence.). We find no error in the imposition of this sentence and, accordingly, affirm the district court. See 8th Cir. R. 47B.

_____