# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-2350
_____

United States of America

*Plaintiff - Appellee*

v.

Ronald D. Banse, Jr.

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: November 18, 2013
Filed: December 6, 2013
[Unpublished]

_____

Before RILEY, Chief Judge, MELLOY and KELLY, Circuit Judges.

_____

PER CURIAM.

In July 2010, Ronald D. Banse pled guilty to one count of possession of a stolen firearm, 18 U.S.C. § 922(j), and was sentenced to 20 months' imprisonment and three years of supervised release. Mr. Banse completed his prison sentence and began serving his supervised release term on September 2, 2011. On December 21, 2012, his probation officer filed a petition alleging that Mr. Banse had violated multiple

conditions of his supervised release. The alleged violations included the following: committing another federal, state, or local crime; failing to notify his probation officer of a change in residence; and failing to notify his probation officer before unilaterally deciding to leave his mental health treatment center. The alleged criminal activity involved Mr. Banse selling his vehicle to a pawn shop in Omaha, Nebraska, and later surreptitiously attempting to retrieve the same vehicle. While attempting to leave the pawn shop with the vehicle—which he no longer owned—Mr. Banse caused approximately $3,000 in property damage.

The petition was amended on January 10, 2013, to include two new alleged violations. The new allegations described Mr. Banse attempting to shoplift electronics from a Wal-Mart store in Lakewood, California, and failing to receive permission from his probation officer before leaving the judicial district.[1]

A revocation hearing was held on April 8, 2013. At the hearing, Mr. Banse admitted to shoplifting in California and failing to notify his probation officer before leaving the judicial district. The remaining allegations were dismissed. The district court[2] varied upward from a Guidelines range of 7 to 13 months for Mr. Banse and instead sentenced him to 24 months' imprisonment followed by an additional 12 months' supervised release. On appeal, Mr. Banse challenges the substantive reasonableness of his sentence.[3] We affirm.

---

[1] Mr. Banse's judicial district was the District of Nebraska.

[2] The Honorable Laurie Smith Camp, Chief Judge of the United States District Court for the District of Nebraska.

[3] Mr. Banse filed a pro se supplemental brief for consideration by this panel. The Eighth Circuit typically does not address issues raised by a defendant in pro se filings when the defendant is represented by counsel. United States v. Benson, 686 F.3d 498, 504–05 (8th Cir. 2012). Nevertheless, we have reviewed Mr. Banse's additional arguments raised in his supplemental brief and find them without merit.

This court reviews a district court's final sentencing decision under a deferential abuse-of-discretion standard. United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). "A district court abuses its discretion when it (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." Id. (internal quotation marks omitted). Ultimately, the court must consider whether the "totality of the circumstances" justifies the sentence, taking into account "the extent of any variance from the Guidelines range." Gall v. United States, 552 U.S. 38, 51 (2007).

Mr. Banse argues on appeal that the district court committed an abuse of discretion by "discounting important [18 U.S.C. § 3553(a) sentencing] factors while overvaluing others." We disagree. Before selecting a punishment, the district court at the sentencing hearing carefully considered the statutory sentencing factors under § 3553(a). The court discussed, among other things, whether general or specific deterrence warranted a particular sentence, § 3553(a)(2)(B), the need to protect society from Mr. Banse, § 3553(a)(2)(C), as well as the need to provide Mr. Banse with adequate mental health treatment resources, § 3553(a)(2)(D).

To the extent the district court did not specifically discuss each sentencing factor under § 3553(a), we note that the district court must only "satisfy the appellate court that [the district court] has considered the parties' arguments and has a reasoned basis for exercising [the district court's] own legal decisionmaking authority." United States v. Bridges, 569 F.3d 374, 379 (8th Cir. 2009) (internal quotation marks omitted). While the district court imposed a sentence that exceeded the recommended Guidelines range, the Guidelines themselves are advisory, see United States v. Booker, 543 U.S. 220, 245 (2005), and the district court adequately explained its reasons for imposing an above-Guidelines sentence in this case. Finding no abuse of discretion, we affirm the judgment of the district court.

———————————————————