# United States Court of Appeals

### For the Eighth Circuit

_____

No. 15-2898

_____

United States of America

*Plaintiff - Appellee*

v.

Chiquita Tyler, also known as Chiquita Robinson

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: April 15, 2016
Filed: June 17, 2016
[Unpublished]

_____

Before GRUENDER, BRIGHT, and KELLY, Circuit Judges.

_____

PER CURIAM.

Appellant Chiquita Tyler pleaded guilty to one count of making a false claim to a government department or agency, in violation of 18 U.S.C. § 287, and one count of knowingly using the personal identification information of others without consent,

in violation of 18 U.S.C. § 1028(a)(7). The district court[1] sentenced Tyler to a term of 84 months' imprisonment. Tyler appeals her sentence, arguing that the Government engaged in prosecutorial misconduct by suggesting at Tyler's sentencing hearing that the district court focus on Tyler's advisory sentencing guidelines range rather than the sentencing factors outlined in 18 U.S.C. § 3553(a). We affirm.

Between February 2010 and February 2011, Tyler filed approximately seventy fraudulent income tax returns. These returns contained false wage and employment information as well as the personal information of friends and family members, which Tyler obtained by posing as a tax preparer. Through these fraudulent filings, Tyler directed the Internal Revenue Service ("IRS") to pay her more than $450,000 in the form of pre-paid debit cards delivered to her address. Tyler had collected over $340,000 through these fraudulent filings when the IRS discovered and terminated her scheme.

A grand jury indicted Tyler on ten counts of making a false claim to a government department or agency, in violation of 18 U.S.C. § 287, and eight counts of knowingly using the personal-identification information of others without consent, in violation of 18 U.S.C. § 1028(a)(7). Tyler entered into a plea agreement in which she pleaded guilty to one count under each statute. In exchange, the Government agreed to move to dismiss the remaining sixteen counts. By signing the plea agreement, Tyler agreed to forfeit her right to appeal her sentence based on any claim other than ineffective assistance of counsel, prosecutorial misconduct, or an unlawful sentence imposed in excess of the statutory maximum.

At her sentencing hearing, Tyler requested that the district court vary downward from the 46-57 month sentencing range recommended by the guidelines

---

[1] The Honorable David Gregory Keys, Chief Judge, United States District Court for the Western District of Missouri.

and instead impose a sentence of probation. In support of this request, Tyler cited primarily the consequences that an extended prison sentence would have on her children and husband. The Government opposed such a variance, arguing that the nature of Tyler's offense and her prior criminal history should outweigh any collateral consequences of her incarceration. In light of these factors, the Government suggested a sentence of 52 months' imprisonment.

The district court sentenced Tyler to concurrent sentences of 57 months' imprisonment for her violation of § 287 and 84 months' imprisonment for her violation of § 1028(a)(7). The court cited the prolonged duration of the crime, the sophistication of the crime, the large number of victims, and Tyler's criminal history as the basis for its upward variance.

In appealing her sentence, Tyler claims that the Government engaged in prosecutorial misconduct during its argument at Tyler's sentencing hearing. In order to prevail on a claim of prosecutorial misconduct, a defendant must show that the prosecution's conduct was improper and that this improper conduct prejudicially affected the defendant's substantial rights. *United States v. Wilkens*, 742 F.3d 354, 361 (8th Cir. 2014).

The record reveals that Tyler cannot prevail on the first prong of this test. Tyler claims that the Government "suggested that the court focus primarily or exclusively on the guideline range" and "discouraged the court from considering § 3553 factors." Even if such statements could constitute prosecutorial misconduct, however, the sentencing transcript shows that the Government did no more than argue that certain factors, such as the nature of Tyler's offense and her criminal history, outweighed the potential impact that a period of incarceration would have on Tyler's family. Furthermore, when recommending a within-guidelines sentence of 52 months' imprisonment, the Government explained that it had based this recommendation on "the nature and circumstances of the offense and the history and

characteristics of the defendant" as well as the need "to provide adequate deterrence for criminal conduct and to protect the public." Rather than urge the district court to ignore the § 3553 factors, therefore, the Government specifically requested that the court uphold its duty to take those factors into account when sentencing Tyler. Given that "[t]he district court has wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others," we conclude that the Government's argument regarding how best to weigh those factors did not constitute prosecutorial misconduct. *See United States v. Bridges*, 569 F.3d 374, 379 (8th Cir. 2009).

Accordingly, we affirm the judgment of the district court.

_____