# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-3756

_____

United States of America

*Plaintiff - Appellee*

v.

Dominic A. Rickett

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: April 5, 2017
Filed: June 5, 2017
[Unpublished]

_____

Before COLLOTON, BEAM, and BENTON, Circuit Judges.

_____

PER CURIAM.

In 2012, Dominic A. Rickett pled guilty to one count of being a felon in possession of ammunition under 18 U.S.C. § 922(g)(1). The district court[1] found

---

[1]The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

Rickett to be an Armed Career Criminal under 18 U.S.C. § 924(e)(1), sentencing him to the mandatory minimum of 180 months' imprisonment. After *Johnson v. United States*, 135 S. Ct. 2551 (2015), the district court granted Rickett's § 2255 motion to correct his sentence. At resentencing, the advisory guidelines range was 57 to 71 months. Rickett requested release based on the 60 months he had already served. The Government requested a sentence at the top of the guidelines range. The district court sentenced Rickett to 120 months—the statutory maximum—and granted credit for time served.

Rickett says he is challenging the substantive reasonableness of his sentence. But his main contention is that the district court erred by inadequately explaining the reasons for the above-guidelines sentence and inadequately considering the § 3553(a) factors and Rickett's "significant post-offense rehabilitation." These are procedural error arguments. *See United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) ("'Procedural error' includes 'failing to . . . consider the § 3553(a) factors, . . . or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range.'" (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007))). *See also United States v. Cole*, 721 F.3d 1016, 1024 (8th Cir. 2013) ("Although the government characterizes the adequacy of explanation as a substantive issue, we interpret this to be a procedural error argument.").

Because Rickett did not object to the alleged procedural errors at sentencing, this court reviews only for plain error. *See United States v. Chavarria-Ortiz*, 828 F.3d 668, 671 (8th Cir. 2016). On plain error review, the defendant must show "(1) error, (2) that is plain, and (3) that affects substantial rights. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Pirani*, 406 F.3d 543, 550 (8th Cir. 2005) (en banc), *quoting Johnson v. United States*, 520 U.S. 461, 467 (1997). "An error affects a substantial right if the error was prejudicial, but an error is prejudicial in the

sentencing context only if there is a reasonable probability that the defendant would have received a lighter sentence but for the error." *United States v. Stokes*, 750 F.3d 767, 771 (8th Cir. 2014) (internal quotation marks omitted). Even assuming the district court committed procedural errors, Rickett makes no argument that there is a reasonable probability that he would have received a lighter sentence but for the errors. He has not established plain error.

Rickett also implicitly argues that his sentence is unreasonably long, which is a substantive reasonableness argument. *See Feemster*, 572 F.3d at 461-62, 464. This court reviews for an abuse of discretion, considering "the totality of the circumstances, including the extent of any variance from the Guidelines range." *Id.* at 461, *quoting Gall*, 552 U.S. at 51. Because the district court deviated from the guidelines, this court "may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Id.* at 461-62, *quoting Gall*, 552 U.S. at 51.

Rickett believes that the guidelines had already accounted for his criminal history and offense characteristics. District courts have discretion to "weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence." *United States v. Bridges*, 569 F.3d 374, 379 (8th Cir. 2009). After noting the large number of offenses Rickett had committed in close proximity, the district court found the guidelines inadequate. According to the presentence investigation report, Rickett received felony convictions for burglary (twice), theft (twice), resisting arrest by fleeing, and unlawful use of a weapon, and received misdemeanor convictions for resisting arrest, possession of marijuana, and driving while license revoked—all committed in an 11-month period. The district court acted within its discretion in weighing the sentencing factors.[2]

---

[2]Rickett moved for leave to file a pro se reply brief. "[G]enerally we do not consider pro se briefs when a party is represented by counsel." *Shelton v. Mapes*, 821 F.3d 941, 951 (8th Cir. 2016). This court denies the motion.

\* \* \* \* \* \* \*

The sentence is affirmed.

_____