# United States Court of Appeals

### For the Eighth Circuit

_____

No. 17-1732

_____

United States of America

*Plaintiff - Appellee*

v.

Jevon Strayhorn

*Defendant - Appellant*

_____

No. 17-1734

_____

United States of America

*Petitioner - Appellee*

v.

Jevon Strayhorn

*Defendant - Appellant*

_____

Appeals from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: January 8, 2018
Filed: January 24, 2018
[Unpublished]
_____

Before LOKEN, BEAM, and KELLY, Circuit Judges.
_____

PER CURIAM.

Jevon Strayhorn appeals his 57-month sentence, following a guilty plea, to being a felon in possession of a firearm. Strayhorn contends the district court[1] procedurally erred by failing to adequately explain why it did not take his suggestion to sentence him below the Guidelines range, and instead sentenced him to the top of the 46 to 57-month range. Strayhorn further contends that the sentence was substantively unreasonable. We disagree on both counts.

In reviewing Strayhorn's sentencing challenge, we first ensure that the district court committed no significant procedural error, which would include failing to sufficiently explain its sentence. United States v. Bridges, 569 F.3d 374, 378 (8th Cir. 2009). If the sentence is procedurally sound, we evaluate the substantive reasonableness of the sentence under an abuse-of-discretion standard. Id. Further, a sentence imposed within the calculated Guidelines range is presumed reasonable. United States v. Parker, 871 F.3d 590, 608 (8th Cir. 2017). The presumption may be rebutted, but it is the defendant's burden to do so. United States v. Herra-Herra, 860 F.3d 1128, 1132 (8th Cir. 2017).

The district court did not err procedurally because it explained its reasons for the chosen sentence. Our review of the record indicates that the district court was not

_____

[1]The Honorable Ronnie L. White, United States District Judge for the Eastern District of Missouri.

inclined to give Strayhorn a below-range sentence given his history of recidivism, including the fact that he committed the current offense while on supervised release[2] from a previous federal felon-in-possession conviction. The district court explained the sentence well enough that we can discern on appeal why the district court chose the sentence that it did. See United States v. Chavarria-Ortiz, 828 F.3d 668, 671 (8th Cir. 2016) ("[W]here a matter is conceptually simple, and the record makes clear that the sentencing judge considered the evidence and arguments, the law does not require the judge to write or say more."). Nor has Strayhorn rebutted the presumption that his within-Guidelines-range sentence is reasonable. Accordingly, we affirm.

---

[2]Indeed, Strayhorn was given a consecutive revocation sentence of 15 months in prison on the same day that his felon-in-possession sentence was imposed. Although Strayhorn appears to have filed an appeal in both cases and was assigned two case numbers, in briefing he only challenges the 57-month felon-in-possession sentence.