# United States Court of Appeals

## For the Eighth Circuit

_____

No. 17-1731

_____

United States of America

*Plaintiff - Appellee*

v.

Maurice Malone, also known as Tito

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Dubuque

_____

Submitted: January 10, 2018
Filed: March 30, 2018
[Unpublished]

_____

Before WOLLMAN, COLLOTON, and BENTON, Circuit Judges.

_____

PER CURIAM.

Maurice Malone appeals, arguing that the 15-month sentence, with no supervised release to follow, that the district court[1] imposed after revoking his

---

[1] The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

supervised release, is substantively unreasonable. Although Malone does not dispute that the district court considered the relevant sentencing factors, he argues that the court erred by giving too little weight to his employment history and participation in treatment programs and too much weight to his behavior at the residential reentry center and his previous violations of the conditions of his supervised release. See United States v. Malone, 669 F. App'x 813 (8th Cir. 2016) (per curiam) (affirming revocation sentence).

We disagree, for as we have explained, "[t]he district court has wide latitude to weigh the [sentencing] factors in each case and assign some factors greater weight than others in determining an appropriate sentence." United States v. Boelter, 806 F.3d 1134, 1136 (8th Cir. 2015) (per curiam) (quoting United States v. Bridges, 569 F.3d 374, 379 (8th Cir. 2009)). "Simply because the district court weighed relevant factors . . . more heavily than [the defendant] would prefer does not mean the district court abused its discretion." United States v. Farmer, 647 F.3d 1175, 1179 (8th Cir. 2011) (citing Bridges, 569 F.3d at 379)).

Malone also argues that the imposition of the 15-month sentence does more damage to him and to his position in life than would have resulted had the district court simply discharged him from supervision. Had that occurred, he says, he would have continued to have employment and the comfort of belonging within the community rather than being stripped of those already-attained goals and suffering the negative consequences arising therefrom. Whatever force these arguments might have had, the record does not indicate that they were raised at the revocation hearing. Indeed, Malone himself through counsel requested a sentence of five months of imprisonment, with no term of supervised release to follow.

The judgment is affirmed.

_____