United States Court of Appeals

For the Eighth Circuit

_____

No. 17-2160

_____

United States of America

*Plaintiff - Appellee*

v.

Charles McSpadden

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: April 9, 2018
Filed: July 2, 2018
[Unpublished]

_____

Before GRUENDER, MELLOY, and BENTON, Circuit Judges.

_____

PER CURIAM.

Charles McSpadden pleaded guilty to the federal crime of bank robbery. The district court[1] sentenced him to serve thirty-seven months in prison. McSpadden now

_____

[1]The Honorable Robert F. Rossiter, Jr., United States District Judge for the District of Nebraska.

appeals, arguing that his sentence was substantively unreasonable. We affirm the judgment of the district court.

One day, McSpadden walked into a bank and gave a bank teller a note stating, "money now fast." The teller handed McSpadden several thousand dollars, as well as a hidden GPS tracking device. McSpadden left the bank with the items. With the help of the tracking device, police officers quickly found McSpadden and arrested him. The officers also found the money and the tracking device in a box that McSpadden was carrying.

McSpadden has a long history of both mental illness and criminal conduct. In 1999, he was diagnosed with schizophrenia, psychosis, and bipolar disorder. Since then, he has been in and out of mental-health facilities for these and other disorders and has been prescribed medication to treat his disorders. His medication, when he takes it, appears to treat his symptoms, such as hallucinations and paranoia. When he does not take his medication, however, he has committed numerous criminal offenses—including the offense at issue here. McSpadden's criminal history, in fact, is quite extensive and serious.

At sentencing, the court determined that McSpadden's advisory sentencing range was thirty-seven to forty-six months of imprisonment and one to three years of supervised release. McSpadden moved for downward departures and a variance. The district court denied the motions and sentenced McSpadden to thirty-seven months' imprisonment and three years' supervised release. McSpadden timely appealed.

On appeal, McSpadden contends that his sentence was substantively unreasonable. Specifically, he claims that, in weighing the 18 U.S.C. § 3553(a) factors, the sentencing court not only improperly overemphasized his criminal history and the need to protect the public but also undervalued his mental-health issues.

To determine whether a sentence is substantively unreasonable, we review the sentence under the "deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). "A district court abuses its discretion when it (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (citation omitted). Importantly, "[t]he district court has wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence." United States v. Bridges, 569 F.3d 374, 379 (8th Cir. 2009).

Here, we conclude that the sentencing court did not abuse its discretion. The court affirmed it had considered the requisite § 3553(a) factors. The court also expressly weighed McSpadden's extensive criminal history along with his mental-health issues. After considering and weighing these factors, the court imposed a sentence of thirty-seven months—the bottom of McSpadden's sentencing range. Based on this analysis, McSpadden's sentence was not substantively unreasonable.

Accordingly, the judgment of the district court is affirmed.

_____