# United States Court of Appeals

### For the Eighth Circuit

_____

No. 18-3214

_____

United States of America

*Plaintiff - Appellee*

v.

Eric G. Hicks

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: June 14, 2019
Filed: August 20, 2019
[Unpublished]

_____

Before COLLOTON, KELLY, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

Eric G. Hicks pleaded guilty to conspiring to defraud the government, in violation of 18 U.S.C. § 286, and presenting false claims to the government, in

violation of 18 U.S.C. § 287. The district court[1] calculated a sentencing range of 110 to 137 months under the United States Sentencing Guidelines (2016) and sentenced him to a total term of 120 months of imprisonment. Hicks challenges the substantive reasonableness of his sentence.

We review the substantive reasonableness of a sentence for abuse of discretion. Gall v. United States, 552 U.S. 38, 51 (2007). "A district court abuses its discretion when it (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (cleaned up). A sentence within the advisory Guidelines range is presumptively reasonable, United States v. King, 898 F.3d 797, 810 (8th Cir. 2018), but the presumption may be rebutted by reference to the statutory sentencing factors set forth in 18 U.S.C. § 3553(a), United States v. Peck, 496 F.3d 885, 891 (8th Cir. 2007).

Here, the district court imposed a sentence within the Guidelines range, which is presumed reasonable. Hicks contends that the district court gave improper weight to two factors: his criminal history and the need to protect the public from his further crimes. Specifically, he argues that the district court failed to consider how much he had changed as a person when it determined that, in part because of his prior acts of dishonesty and in part because of the nature of the instant offense, there was a need to protect the public against him. In particular, the district court remarked that the instant offense "involved perhaps the most complicated and extensive scheme of fraud and dishonesty" that it had seen. A sentencing court "has wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than

_____

[1] The Honorable J. Leon Holmes, United States District Judge for the Eastern District of Arkansas.

others in determining an appropriate sentence." <u>United States v. Bridges</u>, 569 F.3d 374, 379 (8th Cir. 2009). Hicks has not shown that the district court clearly erred in weighing the § 3553(a) factors.

Accordingly, we affirm the judgment of the district court.

_____