# United States Court of Appeals

### For the Eighth Circuit

_____

No. 19-3344

_____

United States of America,

*Plaintiff - Appellee,*

v.

Brianna Breaw, also known as Stephanie Haupt,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the District of South Dakota - Aberdeen

_____

Submitted: April 17, 2020
Filed: August 3, 2020
[Unpublished]

_____

Before COLLOTON, GRUENDER, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Brianna Breaw pleaded guilty to theft of government funds. *See* 18 U.S.C. § 641. The district court[1] sentenced her to 20 months' imprisonment. Breaw appeals her sentence, arguing that it was substantively unreasonable. We affirm.

Under her former name, Stephanie Haupt, Breaw qualified for and received various benefits from the federal government. In August 2014, the Social Security Administration issued Haupt a new social security number based on her documented history as a victim of domestic abuse. In October 2015, Haupt legally changed her name to Brianna Breaw.

Due to an "oversight," the agency failed to link Breaw's old social security number with her name and number. Breaw was aware of the error and continued for several years to seek and receive federal and state benefits under the name Stephanie Haupt. Breaw knowingly lied on government forms about pertinent details, and she ultimately received approximately $60,000 in improper benefits.

A grand jury charged Breaw in a five-count indictment, and Breaw pleaded guilty to one count of theft of government funds under a plea agreement. *See* 18 U.S.C. § 641. At sentencing, a federal agent testified that during the period between the guilty plea and the sentencing hearing, Breaw attempted to purchase a gun from a federally-licensed firearms dealer. On the transaction form required by federal law, Breaw answered "no" to the question "Are you under indictment or information in any court for a felony or any other crime for which the judge could imprison you for more than one year?" A mandatory background check revealed that Breaw was under felony indictment, so the firearms dealer declined to complete the transaction. The

---

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

government told the district court that it did not intend to prosecute Breaw for her false statement on the transaction form, but suggested that the conduct should be considered at sentencing in the pending case.

The district court found that Breaw had violated the conditions of her pre-sentence release by engaging in new criminal activity. Breaw told the court that she had been confused about the meaning of "indictment," but the court rejected that explanation and determined that Breaw knowingly made a false statement on the form.

The court calculated an advisory sentencing guideline range of 10 to 16 months' imprisonment for the theft of government funds. In determining the total offense level, the court found that Breaw had not clearly demonstrated acceptance of responsibility under USSG § 3E1.1, because she committed a new offense while she was awaiting sentencing. The court then varied upward from the advisory range and sentenced Breaw to 20 months' imprisonment.

On appeal, Breaw argues that the district court failed to consider adequately the sentencing factors under 18 U.S.C. § 3553(a) and imposed a substantively unreasonable sentence. We review the reasonableness of a sentence under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 41 (2007).

Breaw contends that the district court abused its discretion by failing to give adequate weight to her personal history and characteristics. The district court reviewed the presentence report and stated that it had considered each of the sentencing factors under § 3553(a). The court also heard from counsel regarding Breaw's personal history. And the court made a statement recounting the circumstances of the offense and the defendant's history, including that Breaw "has had a terrible life with a lot of abuse" and suffers from "serious medical problems."

The district court has wide latitude to weigh the § 3553(a) factors in each case and to assign some factors greater weight than others in determining an appropriate sentence. *United States v. Bridges*, 569 F.3d 374, 379 (8th Cir. 2009). The record demonstrates that the court adequately considered the § 3553(a) factors in imposing the 20-month sentence. The modest upward variance was not unreasonable in light of Breaw's new criminal conduct while she was awaiting sentencing. Breaw emphasizes sympathetic aspects of her personal history, but the false statement on the firearms form was also part of "the history and characteristics of the defendant" that the court was obliged to consider. 18 U.S.C. § 3553(a)(1).

Breaw also argues that the district court improperly based the sentencing decision on the court's views about the dangers of gun violence. While the court uttered some stray comments on gun policy, the record does not show that the court relied on such considerations in fashioning Breaw's sentence. Nor did the court find that Breaw intended to threaten officials with a firearm or rely on that assumption in arriving at a sentence. In fact, the court found that Breaw was not "a dangerous person" and allowed her to self-report at a later date to begin service of her sentence. The court made clear that its sentencing decision was based on a proper individualized assessment of Breaw's case, with a focus on her offense conduct and her commission of another felony while she was released pending sentencing. There was no abuse of discretion.

The judgment of the district court is affirmed.

_____