# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-2580
_____

United States of America

*Plaintiff - Appellee*

v.

Larry Osa Scott

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Eastern

_____

Submitted: April 15, 2022
Filed: August 24, 2022
[Unpublished]

_____

Before SMITH, Chief Judge, WOLLMAN and GRASZ, Circuit Judges.

_____

PER CURIAM.

Larry Scott pleaded guilty to two counts of distribution of a controlled substance near a protected location and two counts of possession with intent to distribute a controlled substance. Scott appeals his 188-month prison sentence,

arguing that the district court[1] erred in denying his motion for a downward variance and in imposing a substantively unreasonable sentence. We affirm.

## I. *Background*

In January 2016 and October 2019, Scott sold methamphetamine to a confidential police source in Dubuque, Iowa. Both transactions occurred within 1,000 feet of a park. On three separate occasions in October and November 2019, Scott sold methamphetamine to an undercover agent with the Illinois State Police in East Dubuque, Illinois.[2]

On November 30, 2019, law enforcement conducted surveillance on Scott's residence in Dubuque, Iowa, as he had a warrant for his arrest at that time. Officers saw Scott arriving home in a truck. An officer approached his vehicle. After a brief encounter, Scott was then taken into custody. Later, a search warrant was executed on Scott's truck. The search revealed 13.88 grams of methamphetamine.

On January 6, 2021, Scott pleaded guilty to a four-count indictment before a magistrate judge, including two counts of distribution of a controlled substance near a protected location, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 860(a), and two counts of possession with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 841(b)(1)(C).

The United States Probation Office prepared a presentence investigation report (PSR). Scott's base offense level was calculated to be 32 based on the quantity of methamphetamine. His offense level was increased by one level pursuant to U.S.S.G.

---

[1]The Honorable C.J. Williams, United States District Court Judge for the Northern District of Iowa.

[2]A fourth transaction occurred as well. However, the substance that Scott sold to the undercover agent failed to test positive for a controlled substance.

§ 2D1.2(a)(2) because of some of the sales occurred near a protected location, a park. Based on his criminal history, Scott was found to be a career offender pursuant to U.S.S.G. § 4B1.1(b)(2), which again increased his offense level by one, resulting in an offense level of 34. A three-level reduction for acceptance of responsibility brought his total offense level to 31. Together with his criminal history category of VI, the PSR determined Scott's advisory Guidelines range to be 188 to 235 months' imprisonment.

On January 22, 2021, the district court accepted Scott's guilty plea. The court adopted the PSR's recommendations, denied Scott's motion for a downward variance, and, after considering all of the factors set forth in 18 U.S.C. § 3553(a), sentenced Scott to 188 months' imprisonment.

Scott now appeals the court's refusal to vary downward.

## II. *Discussion*

Our review of the denial of a motion for downward variance entails "reviewing the sentence for reasonableness, applying a deferential abuse-of-discretion standard." *United States v. Angeles-Moctezuma*, 927 F.3d 1033, 1037 (8th Cir. 2019). "A district court abuses its discretion when it (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (internal quotations and citations omitted). A "within-Guidelines sentence is presumptively reasonable." *Angeles-Moctezuma*, 927 F.3d at 1037.

Scott has not rebutted that presumption. *See United States v. Cosen*, 965 F.3d 929, 932 (8th Cir. 2020). Scott argues that the district court improperly weighed the § 3553(a) factors by assigning greater weight to Scott's criminal history and

likelihood of recidivism than to the mitigating factors of his troubled childhood and substance abuse issues. Scott also contends that the court based its sentence on improper psychological assumptions. A sentencing court "has wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence." *United States v. Bridges*, 569 F.3d 374, 379 (8th Cir. 2009).

The record reflects that the district court considered all the § 3553(a) factors, including his troubled upbringing and personal difficulties. There is no evidence that the court based its sentence on any improper or irrelevant factor. *See Feemster*, 572 F.3d at 461. The court weighing the factors in a manner contrary to Scott's preference, without more, "does not justify reversal." *United States v. Anderson*, 618 F.3d 873, 883 (8th Cir. 2010). The court was within its discretion to assign more weight to Scott's extensive criminal history, which included drug offenses as well as domestic violence and a number of offenses that he committed while on probation. We discern no abuse of discretion.

III. *Conclusion*

Accordingly, we affirm the district court.

_____