# United States Court of Appeals
## For the Eighth Circuit

_____

No. 25-1147
_____

United States of America

*Plaintiff - Appellee*

v.

Jaylen Ester, also known as Sumo

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central
_____

Submitted: June 24, 2025
Filed: June 27, 2025
[Unpublished]
_____

Before LOKEN, GRUENDER, and STRAS, Circuit Judges.
_____

PER CURIAM.

Jaylen Ester appeals the above-Guidelines sentence the district court[1] imposed after he pleaded guilty to a drug conspiracy charge. His counsel has moved for leave

_____

[1]The Honorable Lee P. Rudofsky, United States District Judge for the Eastern District of Arkansas.

to withdraw and has filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), challenging the substantive reasonableness of the sentence.

Upon careful review, we first determine that the appeal is outside the scope of the appeal waiver in the written plea agreement. <u>See</u> <u>United States v. Scott</u>, 627 F.3d 702, 704 (8th Cir. 2010) (de novo review). Next, we conclude that the district court did not impose a substantively unreasonable sentence, as it properly considered the 18 U.S.C. § 3553(a) factors; there was no indication that it overlooked a relevant factor, or committed a clear error of judgment in weighing relevant factors; and the upward variance was based on an individualized assessment of the facts. <u>See</u> <u>United States v. Feemster</u>, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (abuse of discretion review); <u>United States v. Bridges</u>, 569 F.3d 374, 379 (8th Cir. 2009) (district court has wide latitude to weigh relevant factors); <u>United States v. Mangum</u>, 625 F.3d 466, 469-70 (8th Cir. 2010) (upward variance was reasonable where court made individualized assessment based on facts presented).

Having independently reviewed the record under <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), we find no non-frivolous issues for appeal. Accordingly, we affirm and grant counsel's motion to withdraw.

_____