# United States Court of Appeals

## For the Eighth Circuit

_____

No. 16-3734

_____

United States of America

*Plaintiff - Appellee*

v.

Manuel Sanchez-Rojas

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Waterloo

_____

Submitted: October 16, 2017
Filed: May 11, 2018

_____

Before WOLLMAN, BEAM, and SHEPHERD, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Manuel Sanchez-Rojas pleaded guilty to unlawful reentry as a removed alien after an aggravated felony conviction in violation of 8 U.S.C. §§ 1326(a) and 1326(b)(2). The district court[1] determined that Sanchez-Rojas's base offense level

---

[1]The Honorable Leonard T. Strand, United States District Judge for the Northern District of Iowa.

was eight under § 2L1.2(a) of the 2015 U.S. Sentencing Guidelines Manual (Guidelines or U.S.S.G.). After increasing the offense level by eight for previously having been deported after "a conviction for an aggravated felony," U.S.S.G. § 2L1.2(b)(1)(C), and reducing the offense level by three for acceptance of responsibility, U.S.S.G. § 3E1.1, the court determined that Sanchez-Rojas's total offense level was 13, his criminal history category was V, and his advisory Guidelines sentencing range was 30 to 37 months' imprisonment.[2] Sanchez-Rojas was sentenced to 37 months' imprisonment.

Sanchez-Rojas argues that the district court plainly erred in increasing his base offense level by eight under U.S.S.G. § 2L1.2(b)(1)(C). The enhancement was based on his previous burglary convictions in violation of California Penal Code § 459. Sanchez-Rojas argues that California burglary does not satisfy the Guidelines definition of "aggravated felony." For purposes of the enhancement, "'aggravated felony' has the meaning given that term in section 101(a)(43) of the Immigration and Nationality Act (8 U.S.C. § 1101(a)(43))." U.S.S.G. § 2L1.2 cmt. n.3. The Act defines "aggravated felony" to include "a crime of violence (as defined in section 16 of Title 18, but not including a purely political offense) for which the term of imprisonment [is] at least one year." 8 U.S.C. § 1101(a)(43)(F). According to the government, Sanchez-Rojas's California burglary convictions fall within the ambit of 18 U.S.C. § 16(b), which is known as the residual clause and which defines "crime of violence" as "any other offense that is a felony and that, by its nature, involves a

---

[2]After Sanchez-Rojas was sentenced, the U.S. Sentencing Commission amended U.S.S.G. § 2L1.2. See U.S.S.G. app. C, amend. 802. The Guidelines citations set forth in this opinion are from the 2015 U.S. Sentencing Guidelines Manual, which was used to determine Sanchez-Rojas's offense level.

substantial risk that physical force against the person or property of another may be used in the course of committing the offense."[3]

Sanchez-Rojas argued on appeal that § 16(b) should be struck down as unconstitutionally vague under the Fifth Amendment's Due Process Clause. After his appeal was submitted to this panel, the Supreme Court declared § 16(b) void for vagueness. Sessions v. Dimaya, 138 S. Ct. 1204 (2018). Sanchez-Rojas now argues that his case must be remanded for resentencing without the § 2L1.2(b)(1)(C) "aggravated felony" enhancement. We disagree.

In Beckles v United States, 137 S. Ct. 886 (2017), the Supreme Court upheld the residual clause used in U.S.S.G. § 4B1.2(a)(2), even though the Court had struck down as unconstitutionally vague the identically worded residual clause used in the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii). See Johnson v. United States, 135 S. Ct. 2551 (2015). The Court reasoned:

> Unlike the ACCA, . . . the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range. Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause.

Beckles, 137 S. Ct. at 892. Applying the Beckles/Johnson reasoning here, Sanchez-Rojas cannot maintain his vagueness challenge against U.S.S.G. § 2L1.2(b)(1)(C). We see no meaningful difference between a Guidelines section that uses the same language as a statute (like § 4B1.2(a)(2)) and a section that incorporates the statutory language by reference (like § 2L1.2(b)(1)(C)). Accordingly, we uphold the

---

[3]The government concedes that Sanchez-Rojas's burglary convictions do not meet § 16(a)'s definition of "crime of violence." See Descamps v. United States, 570 U.S. 254, 277 (2013) (holding that a conviction under California Penal Code § 459 "is never for generic burglary").

"aggravated felony" enhancement set forth in U.S.S.G. § 2L1.2(b)(1)(C), notwithstanding its incorporation of the definition of the now-declared vague "crime of violence" set forth in 18 U.S.C. § 16(b).

Sanchez-Rojas also argues that his sentence is substantively unreasonable because the district court failed to give adequate weight to his acceptance of responsibility, the nature of his current offense, his devotion to his family, and his minimal criminal history in the past eighteen years. The district court weighed those factors against Sanchez-Rojas's extensive criminal history, several deportations, and the fact that he threatened to shoot the law enforcement officers that arrested him. The court expressed "some concern that the advisory guideline range [was] not sufficient," but ultimately decided to impose a sentence at the top of the Guidelines range. In light of the district court's discretion "to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence," United States v. Bridges, 569 F.3d 374, 379 (8th Cir. 2009), we find no error in the court's decision to impose a Guidelines-range sentence. See Gall v. United States, 552 U.S. 38, 51 (2007) ("If the sentence is within the Guidelines range, the appellate court may, but is not required to, apply a presumption of reasonableness.").

The sentence is affirmed.

_____