# United States Court of Appeals
### For the Eighth Circuit

_____

No. 17-2660

_____

United States of America

*Plaintiff - Appellee*

v.

Jose Manuel Cano Basurto

*Defendant - Appellant*

_____

No. 17-2460

_____

United States of America

*Plaintiff - Appellee*

v.

Jacinto Loza Gil

*Defendant - Appellant*

_____

Appeals from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: May 14, 2018
Filed: June 28, 2018
[Unpublished]

_____

Before SHEPHERD, MELLOY, and GRASZ, Circuit Judges.
_____

PER CURIAM.

Defendant Jacinto Loza Gil ("Loza") pleaded guilty to one count of conspiring to distribute 500 grams or more of a mixture or substance containing methamphetamine and 50 grams or more of actual methamphetamine. Loza also pleaded guilty to one count of being present in the United States as an illegal alien following deportation. Loza appeals his sentence, arguing the district court[1] erroneously found him to be a leader or organizer in the conspiracy, resulting in a four-level enhancement to his guidelines offense level. Defendant Jose Manuel Cano Basurto ("Cano") pleaded guilty to one count of distributing methamphetamine. Cano appeals his sentence as unreasonable arguing that, because he pleaded guilty to a simple distribution charge and not to a conspiracy charge, the district court abused its discretion by referencing the drug conspiracy at his sentencing. Finding no error in the district court's analysis nor any abuse of discretion, we affirm the judgments of the district court.

I.

The offenses at issue in these appeals stem from a drug distribution conspiracy that operated primarily out of a mechanic shop in Des Moines, Iowa. Although Cano controlled the shop, evidence and admissions as to his involvement with, and knowledge of, the conspiracy and its scope are limited. In fact, he pleaded guilty only to a simple distribution charge related to 109.86 grams of methamphetamine he stored at his shop for eight days in August of 2016.

_____

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

In Cano's initial presentence investigation report, the probation office recommended a two-level decrease in his offense level pursuant to U.S.S.G. § 3B1.2(b), characterizing Cano as a "minor participant." Cano objected, arguing he was entitled to a four-level decrease as a "minimal participant" pursuant to U.S.S.G. § 3B1.2(a). In making this argument, Cano asked the court to compare his conduct to that of certain conspiracy members who were not involved in the actual sale at issue in Cano's conviction. The district court agreed with Cano and granted his request for a four-level decrease. Then, at sentencing, when considering the factors of 18 U.S.C. § 3553(a), the district court emphasized that Cano had not been convicted of a conspiracy offense and that he was "not part of the conspiracy as such." The district court, however, noted the fact that Cano's offense "further[ed]" the conspiracy. Ultimately, the district court imposed a bottom-of-the-range sentence of 37 months' imprisonment.

A within-the-range sentence is entitled to a rebuttable presumption of reasonableness on appeal. See United States v. Sanchez-Rojas, 889 F.3d 950, 952 (8th Cir. 2018). Here, Cano presents nothing sufficient to overcome this presumption. Regardless of his knowledge, or lack thereof, concerning the existence and scope of the conspiracy, his distribution offense involved the sale of drugs connected to the conspiracy and the conspiracy, in fact, was the larger context for the events at issue in Cano's offense. He invited the court to compare his conduct and involvement to that of actual conspirators when presenting his arguments for a greater offense level reduction pursuant to U.S.S.G. § 3B1.2(a). And, most importantly, the district court expressly emphasized the fact that Cano had not been convicted of a conspiracy offense. The district court's reference to ancillary facts that Cano himself invited the court to consider was not an abuse of discretion.

Turning to Loza, he clearly directed the activities of others in the conspiracy. He set up transactions and directed coconspirators with detailed instructions to deliver drugs, collect payments, and deposit funds. Moreover, he often received calls to confirm transactions had taken place or instructions had been carried out. He also

-3-

provided instructions and made arrangements as to the manner in which drugs were to be stored. The government successfully argued these facts supported a four-level "organizer or leader" enhancement pursuant to U.S.S.G. § 3B1.1(a).

Loza argued below and argues on appeal that no aggravating role enhancement should apply and that his role was merely that of a supplier. To support his argument, he identifies several undisputed individual instances of directing others and argues these isolated acts fail to show that he was a leader or organizer. In particular, he points to the seven factors identified in the guidelines commentary and emphasizes that the record is silent as to some of these factors.[2] For example, he correctly notes there was no evidence to indicate he enjoyed a greater proportion of the spoils than other conspirators.

We find no clear error in the district court's determination that Loza was a leader in the conspiracy. See United States v. Carpenter, 422 F.3d 738, 748 (8th Cir. 2005). The district court's conclusion is not clearly erroneous merely because each instance of directing others, standing in isolation, might not prove Loza to be a leader. Nor is it clearly erroneous merely because evidence is lacking as to one of the seven factors. Here, the district court permissibly inferred, based on the totality of the circumstances, that Loza's involvement reached the level of an organizer or leader. He participated in the planning and organizing of sales to a high degree and exercised

---

[2]See U.S.S.G. § 3B1.1 cmt. n.4 ("In distinguishing a leadership and organizational role from one of mere management or supervision, titles such as 'kingpin' or 'boss' are not controlling. Factors the court should consider include the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others. There can, of course, be more than one person who qualifies as a leader or organizer of a criminal association or conspiracy. This adjustment does not apply to a defendant who merely suggests committing the offense.").

a high level of control and authority over others.  See United States v. Morris, 791 F.3d 910, 914 (8th Cir. 2015) (finding no clear error based on a defendant's fronting of drugs on credit to sellers, recruitment of others, control of locations, and receipt of calls to report the status of transactions).

We affirm the judgments of the district court.

_____